IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN D. CARROLL,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 03-5236 |
| BUCKS COUNTY<br>CORRECTIONAL FACILITY, ET AL.<br>　　Defendants. | :<br>:<br>:<br>: |



FILED
JUN 1 9 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

Tucker, J.                                                                                         June 18, 2007

Presently before this Court are the Motion for Summary Judgment of Defendant Dr. Lewis Brandt (Doc. 65) and the Motion for Summary Judgment of Defendant Dr. Francis Boland (Doc. 67). For the reasons set forth below, upon consideration of Defendants' Motions, this Court will grant Defendants' Motions.[1]

## BACKGROUND

From the evidence of record, taken in light most favorable to Plaintiff, the pertinent facts are as follows. On June 29, 2001, Plaintiff was arrested and detained at the Bucks County Correctional Facility ("BCCF"). Shortly thereafter, Plaintiff injured his left elbow and arm when a large, heavy, iron gate swung open as he passed through a BCCF hallway.[2] Plaintiff first

---

[1] Defendant Boland adopts and incorporates the legal arguments of the Motion for Summary Judgment filed by Defendant Brandt. (Def.'s Mot. at 2). The Court therefore addresses both motions in this memorandum. Further, Plaintiff has not responded to Defendants' motions.

[2] Plaintiff does not allege that this injury was a result of deliberate actions by Defendants or any other staff at BCCF.

reported the injury to BCCF medical staff on July 18, 2001. Plaintiff waited approximately a week before seeking medical attention at BCCF because he hoped that the injury would heal on its own. Between July 2001 and December 2001, BCCF medical staff, including Defendants Drs. Brandt and Boland, treated Plaintiff's elbow injury approximately ten times. During each medical treatment Plaintiff received at BCCF, medical staff treated him with heat treatments to reduce swelling and Tylenol for pain relief. BCCF medical staff also drained fluid from Plaintiff's elbow. Moreover, BCCF medical staff, including Dr. Brandt, referred Plaintiff to see two orthopedic specialists, Dr. Gene D. Levin and Defendant Dr. Boland, for treatment.

During a medical visit in December 2001, Plaintiff alleges that Dr. Levin recommended surgery as the only means of treating Plaintiff's injury. Dr. Levin's medical notes, dated December 21, 2001, do not state that he recommended surgery as a means of correcting Plaintiff's injury. Additionally, Plaintiff does not know if Dr. Levin told Dr. Brandt that he recommended Plaintiff have surgery to fix his elbow. Further, neither Defendants Brandt and Boland recommend or believed that Plaintiff required surgery on his elbow. According to Plaintiff, however, Drs. Brandt and Boland were interested in Plaintiff's release date from BCCF, commenting that he could have surgery on his elbow once released.

In his Amended Complaint, which was originally filed on September 17, 2003, Plaintiff alleges that Defendants denied him medical care while he was incarcerated at the BCCF, which caused him to be in pain for nearly two years. *Pro se* Plaintiff therefore argues that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and brings this suit pursuant to 42 U.S.C. § 1983.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the

movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

## DISCUSSION

Defendants ask this Court to grant summary judgment in their favor on all counts of the Complaint on the grounds that Plaintiff fails to establish an Eighth Amendment violation pursuant to 42 U.S.C. § 1983 because he cannot show that Defendants acted with subjective knowledge that their conduct or omissions presented a substantial risk of harm to Plaintiff. As discussed further below, this Court agrees.

Prison officials, including medical professions such as Defendants, may be liable under the Eighth Amendment for deliberate indifference to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832-35 (1994). To overcome summary judgment, however, a plaintiff must present sufficient evidence to show that defendants were indeed deliberately indifferent to his substantial risk of serious harm. Beers-Capitol v. Whetzel, 256 F.3d 120, 130-32 (3d Cir. 2001). Therefore, "to survive summary judgment, [a plaintiff] must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm." Id. at 132 (citing Farmer, 511 U.S. at 846). A prisoner's claims regarding mere inadequacy of medical treatment or medical malpractice, however, do not amount to constitutional violations. Estelle v. Gamble, 429 U.S. 97, 105-6 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); Monmouth

County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Here, Plaintiff has failed to show that Defendants were subjectively aware of any substantial risk of harm to Plaintiff. Plaintiff also cannot show that Defendants failed to provide medical treatment. Instead, Plaintiff simply asserts a disagreement with medical professionals regarding his preferred course of medical treatment, namely surgery on his elbow. This alone does not suffice to show that Defendants' actions constituted cruel and unusual punishment sufficient to support an Eighth Amendment claim. Plaintiff's claim of a constitutional violation is further belied by the fact that he sought and received medical treatment for his elbow while incarcerated at BCCF and that BCCF medical officials referred him to two orthopedic specialists, including Defendant Dr. Boland.

Because Plaintiff has failed to show that there exists material questions of fact from which a factfinder may infer that Defendants Brandt and Boland knew of and disregarded an excessive risk to Plaintiff's health, he cannot establish deliberate indifference on the part of Defendants. Accordingly, Plaintiff's Eighth Amendment claim pursuant to Section 1983 fails as a matter of law and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motions for Summary Judgment are granted. Judgment is entered in favor of Defendants Brandt and Boland and against Plaintiff for summary judgment on all counts of the Complaint.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERMAN D. CARROLL,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 03-5236 |
| BUCKS COUNTY<br>CORRECTIONAL FACILITY, ET AL.<br>Defendants. | : | |

FILED
JUN 1 9 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 18th day of June 2007, upon consideration of Defendant Boland's Motion for Leave to File Judgment Motion (Doc. 68), Defendant Brandt's Motion for Summary Judgment (Doc. 65) and Defendant Boland's Motion for Summary Judgment (Doc. 67), **IT IS HEREBY ORDERED** and **DECREED** as follows:

1. Defendant Boland's Motion for Leave to File Judgment Motion (Doc. 68) is **GRANTED**.

2. Defendant Brandt's Motion for Summary Judgment (Doc. 65) is **GRANTED**.

3. Defendant Boland's Motion for Summary Judgment (Doc. 67) is **GRANTED**.

4. **JUDGMENT IS ENTERED** in favor of Defendants Brandt and Boland and against Plaintiff on all counts of the Amended Complaint (Doc. 8).

IT IS FURTHER ORDERED that the Clerk of the Court shall mark this case as CLOSED.[1]

BY THE COURT:

_/s/ Petrese B. Tucker_
Hon. Petrese B. Tucker, U.S.D.J.

---

[1] Defendants Brandt and Boland were the only remaining Defendants in this action.